## Grand Pacific Hotel Co. v. E. D. Morgan Rowland.

1. TROVER—*For Money Embezzled by a Waiter.*—A person went to a hotel to procure luncheon and was directed to the dining room, where he was served by a waiter in the employ of the proprietor. At the conclusion of the meal the waiter brought him a meal check with the amount due upon it and was given a five hundred dollar bill to take to the cashier to pay the check. The cashier could not change it and the waiter went with it to the hotel office; there the clerk, who could not change it, directed the waiter to take it to the treasurer's office to have it changed. The waiter started from the hotel office toward the treasurer's office and disappeared with the bill. *Held*, trover the proper form of action to recover the value of the bill from the proprietor of the hotel, after demand, etc.

2. RECOUPMENT—*In Actions of Trover.*—Where a person at luncheon in a hotel handed the waiter a bill to pay for his meal, which the waiter converted to his own use and disappeared, under the law of this State the proprietor of the hotel, when made a defendant in an action of trover by such person, may, by proper pleading, recoup the amount due to him for the meal.

Trover.—Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed May 4, 1900.

H. F. ROHDE, attorney for appellant.

WM. B. KEEP, attorney for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This is an action in trover brought by appellee against appellant for the conversion by appellant of appellee's five hundred dollar bank bill or bank note. There is no controverted question of fact.

July 14, 1898, about one o'clock P. M., appellee in company with two friends, went to the hotel of appellant in Chicago to procure luncheon. Upon inquiry at the hotel office as to where he could be served, the clerk directed him to the main dining room on the second floor. There he and his companions were served by a waiter in the employ of appellant. At the conclusion of the meal the waiter brought the

meal ticket or check amounting to six dollars and some cents. Appellee handed to the waiter a five hundred dollar bank bill to take to the cashier and pay the meal check. The cashier's desk was in the dining room where the appellee was sitting. The cashier could not change the bill and the waiter went with it to the hotel office. There the clerk, who could not change the bill, directed the waiter to take it to the treasurer's office to have it changed. The waiter started from the hotel office toward the treasurer's office and that was the last seen of the waiter or the five hundred dollar bank bill so far as this record shows. After proper demand for the return of the five hundred dollar bill this suit was commenced.

The only point presented by counsel for appellant is that upon the facts of this case the action of trover will not lie.

To this counsel for appellee replies as follows:

" The five hundred dollar bill was not applied by appellant to the use for which it was intrusted to it by appellee, but that it wrongfully converted the same to its own use and failed entirely to apply any portion of it to the use for which it was intrusted to it by appellant."

Suppose it to be, as argued by counsel for appellant, that trover will not lie to recover the $494 balance that would have been due to appellee if the five hundred dollar bill had been changed. That does not affect the question now before this court, because the bill was not changed. It was taken and converted by the waiter. Under the law in this State appellant might, by proper pleading, recoup the amount due to it upon the meal check. But no such claim or partial defense is made by appellant by the pleadings or in the trial court or in this court. Clearly, trover was a proper form of action.

The judgment of the Superior Court is affirmed.